

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL DERRICK WILLIAMS,

    Petitioner,

v.                                   Civil Action No. 3:16CV83

HAROLD CLARK,

    Respondent.

**MEMORANDUM OPINION**

Petitioner, Michael Derrick Williams, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts, this Court conducts a preliminary review of Williams's habeas petition.[1] The Magistrate Judge recommended dismissing the action as a successive unauthorized § 2254 petition. Williams filed an

---

[1] According to Rule 4 of the Rules Governing Section 2254 cases:

    The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing § 2254 Cases in U.S. District Courts, Rule 4.

Objection. For the reasons that follow, Williams's Objection (ECF No. 4) will be overruled and the action will be dismissed.

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

> This Court previously dismissed a § 2254 Petition from Williams concerning these convictions. <u>Williams v. Dir. Dep't Corr.</u>, 3:13CV190, at *1, *20 (E.D. Va. Mar. 19, 2014).
> The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Williams has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging his convictions, this Court lacks jurisdiction to entertain the present § 2254 Petition. Accordingly, it is RECOMMENDED that the action be DISMISSED FOR LACK OF JURISDICTION.

(Report and Recommendation entered March 4, 2016.)

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410 (D.S.C.

1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

### III. WILLIAMS'S OBJECTION

Williams asserts that because he is challenging the jurisdiction of the Circuit Court that convicted him, under Virginia law, he can raise his challenge at any time. While Virginia law may permit Williams to raise jurisdictional challenges at any time, the statute cited by the Magistrate Judge reflects that this Court lacks jurisdiction over Williams's successive § 2254 Petition without prior authorization from the United States Court of Appeals for the Fourth Circuit. Williams's Objection will be overruled. The Report and Recommendation will be accepted and adopted. The action will be dismissed. The Court denies a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: March 23, 2016
Richmond, Virginia